IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA


| | |
|---|---|
| BRENDA K. TOBEY,	)	| CIVIL ACTION NO. 9:16-1580-TMC-BM |
| )	| |
| )	| |
| Plaintiff,	)	| |
| )	| |
| v.	)	| **REPORT AND RECOMMENDATION** |
| )	| |
| COMMISSIONER OF SOCIAL	)	| |
| SECURITY ADMINISTRATION,	)	| |
| )	| |
| Defendant.	)	| |
| _____)	| |

The Plaintiff filed the Complaint in this action, pro se, pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein she was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

In a decision issued October 28, 2005, Plaintiff was found to be entitled to Disability Insurance Benefits (DIB) based on her being unable to meet the demands of work at any exertional level due to her bipolar disorder and leg and foot problems. Plaintiff thereafter received periodic disability reviews, and on April 8, 2011, it was determined that Plaintiff was no longer disabled as of April 1, 2011. (R.p. 40). This decision was confirmed upon reconsideration, following which Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which was held on March 26, 2014. (R.pp. 25-34). In a decision issued September 2, 2014, the ALJ concluded that Plaintiff



had experienced medical improvement[1] such that she was no longer disabled as of April 1, 2011. (R.pp. 11-19). The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 1-3).

Plaintiff then filed this action, pro se, in this United States District Court. In her Complaint, Plaintiff alleges that she is disabled due to her mental impairment, diabetes, foot problems, and problems with the discs in her back, and asks that this Court review the decision in her case "with an open mind". The Commissioner contends that the decision that Plaintiff was no longer disabled as of April 1, 2011 is supported by substantial evidence, and that the decision should be affirmed.

**Scope of review**

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

---

[1]Medical improvement is defined as any "decrease in the medical severity" of a claimant's impairment(s) and "must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [a claimant's] impairment(s)." 20 C.F.R. § 404.1594(b)(l) (2014).



2

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)); see also, Hepp v. Astrue, 511 F.3d 798, 806 (8th cir. 2008)[Noting that the substantial evidence standard is even "less demanding than the preponderance of the evidence standard"].

The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

## **Discussion**

Plaintiff was forty-three (43) years old on April 1, 2011, the date as of which it was determined her medical condition had improved such that she was no longer disabled. She has at least a high school education. (R.pp. 18, 35). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. After a review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff does suffer from the "severe" impairments[2] of a bi-polar condition, depression, cocaine dependence, a ganglion cyst of the right foot, degenerative joint disease of the knees, and degenerative disc disease of the lumbar spine, as of April 1, 2011 she nevertheless had the residual functional capacity (RFC) to perform unskilled

---

[2] An impairment is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities. See 20 C.F.R. § 404.1521(a); Bowen v. Yuckert, 482 U.S. 137, 140-142 (1987).



3

sedentary work,³ and was therefore no longer entitled to disability benefits as of that date. (R.pp. 13, 15).

Plaintiff does not set forth any specific arguments for why the decision of the Commissioner should be reversed, other than to point out some of her medical problems as well as that she is "a recovering drug addict" who is "trying to clean up" because her father wanted her to.⁴ Even so, in light of Plaintiff's pro se status, the undersigned has reviewed the record and the decision of the ALJ to determine if there is substantial evidence to support the decision, and after careful review and consideration of the record and arguments presented, the undersigned finds for the reasons set forth hereinbelow that there is substantial evidence to support the conclusion of the ALJ that Plaintiff was not disabled as that term is defined in the Social Security Act as of April 1, 2011. Laws, 368 F.2d 640 [Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion"]. Therefore, the decision of the Commissioner should be affirmed.

When determining whether an individual who has previously been found to be disabled continues to be disabled, an ALJ is to use an eight step evaluation process. See 20 C.F.R. § 404.1594. The ALJ is to consider 1) whether the claimant is currently engaging in substantial gainful activity; 2) whether the claimant has an impairment or combination of impairments that meets or medically equals a listing; 3) whether the claimant has experienced "medical improvement", and, if so, 4) whether the medical improvement is related to the claimant's ability to work. If there is no

---

³Sedentary work is defined as lifting no more than 10 pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a) (2005).

⁴Plaintiff's father is apparently now deceased. See Court Docket No. 29, p. 2



4

medical improvement, or if the medical improvement is found to be unrelated to the claimant's ability to work (and if no statutory exceptions apply), then 5) the claimant's disability generally continues. However, if there has been medical improvement related to the claimant's ability to work, the ALJ must then determine 6) whether all of the claimant's current impairments, in combination, are "severe"; 7) if the claimant is able to perform past relevant work; and, if not, 8) whether he or she can perform other work that exists in the national economy. See 20 C.F.R. § 404.1594(f)(1) - (8). See also (R.pp. 11-12).

A review of the decision shows that the ALJ correctly followed this analytical framework in reaching his decision. Th ALJ first found that Plaintiff had not engaged in any substantial gainful activity since April 1, 2011, next determined that Plaintiff's medical impairments (considered both singularly and in combination) did not meet or medically equal a listing[5], and then found that Plaintiff had experienced medical improvement as of April 1, 2011 and that these improvements related to Plaintiff's ability to work. (R.pp. 13-15). The ALJ then determined that Plaintiff did continue to suffer from several "severe" impairments (as previously noted), but that although Plaintiff could not perform any previous past relevant work with these impairments,[6] as of April 1, 2011 she was able to perform unskilled sedentary work with the ability to sit for six hours in an eight hour day, and stand and walk occasionally. (R.p. 15). Considering Plaintiff's age, education, and work experience, the ALJ then determined that Plaintiff was "not disabled" under the

---

[5]In the Listings of Impairments, "[e]ach impairment is defined in terms of several specific medial signs, symptoms, or laboratory test results." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). A claimant is presumed to be disabled if their impairment meets the criteria of an impairment set forth in the Listings. See 20 C.F.R. §§ 416.925, 416.926 (2003).

[6]Plaintiff apparently does not have any history of past relevant work. See (R.p. 33).



Medical-Vocational guidelines.[7] (R.pp. 18-19). See also Medical Vocational Rule 202.28.

In determining whether substantial evidence supports the ALJ's conclusion that Plaintiff was no longer entitled to disability benefits as of April 1, 2011, it is noted that the ALJ cites to numerous medical records and reports as support for his findings. First, with respect to Plaintiff's complaint of diabetes, the ALJ determined that this was not a "severe" impairment (along with a number of other complaints) because Plaintiff's treatment notes failed to indicate that she required any significant treatment for this condition, nor was there any evidence that any problems Plaintiff had with diabetes more than minimally affected her ability to perform work related activity. (R.p. 13). See also (R.pp. 420-422). As for the remainder of her impairments, the ALJ determined that Plaintiff's mental health condition resulted in only mild limitations in her activities of daily living or social functioning, mild to moderate limitations in her concentration, persistence and pace, and no episodes of decompensation of an extended duration, while her physical limitations did not limit her ability to walk, ambulate, or otherwise restrict her such that she could not perform the sedentary RFC set forth in the decision. (R.pp. 14-15).

In doing so, the ALJ specifically noted that although he had previously determined (in 2005) that Plaintiff was unable to the meet the mental demands of work, that since that time and leading up to April, 2011 and afterwards the record showed she required only limited mental health treatment, and had consistently been found to have GAFs of 65, indicating the presence of only mild

---

[7]"The [Medical-Vocational Guidelines; i.e., the "grids"] are matrices of the 'four factors identified by Congress -- physical ability, age, education, and work experience -- and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy.'" Daniels v. Apfel, 154 F.3d 1129, 1132 (10th Cir. 1998) (quoting Heckler v. Campbell, 461 U.S. 458, 461-462 (1983)). "Through the Grids, the Secretary has taken administrative notice of the number of jobs that exist in the national economy at the various functional levels (i.e., sedentary, light, medium, heavy, and very heavy.)" Daniels, 154 F.3d at 1132.



mental limitations and symptoms.[8]  The ALJ also noted that Plaintiff's mental status examinations had been unremarkable, with Plaintiff routinely being found to have intact attention, concentration, memory, insight, judgment, and thought processes, that she was able to interact well with others including family, friends, and medical professionals, and that she had not required any hospitalizations. (R.p. 15). See Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) ["[A] psychological disorder is not necessarily disabling. There must be a showing of related functional loss"]. The ALJ cited to specific medical records and opinions as support for these findings. See generally, (R.pp. 301, 304-305, 308, 342 (records of treating physician Dr. McCloud Gwynette), 353-356 (psychological evaluation by consulting physician Dr. Jennifer Bennice), 367-380 (additional medical records from Dr. Gwynette), 420 (office treatment records of Dr. Cheri Franklin)). It is noted that Dr. Gwynette's records reflect a ten point increase in Plaintiff's GAF scores (up to a GAF of 65) from early 2010 (when she was still considered to be disabled) into 2011. Cf. (R.pp. 275, 282, 285, 287, 290, 301, 305, 308). Craig v. Chater, 76 F.3d 589-590 (4th Cir. 1996) [noting importance of treating physician opinion]. The ALJ also noted that the followup medical records revealed no significant change in Plaintiff's condition despite her frequent cocaine abuse. (R.p. 18).

       Moreover, on April 8, 2011, state agency psychologist Judith Von opined after a review of Plaintiff's medical records that Plaintiff's mental impairment would result in no restriction in her activities of daily living, and only mild difficulties in her social functioning and in maintaining concentration, persistence and pace. (R.p. 338). Dr. Von even concluded that Plaintiff's mental

---

[8]"Clinicians use a GAF [Global Assessment of Functioning] to rate the psychological, social, and occupational functioning of a patient." Morgan v. Commissioner of Soc. Sec. Admin., 169 F.3d 595, 597 n.1 (9th Cir. 1999). A GAF score of 61-70 indicates that only some mild symptoms of depression or difficulty in social or occupational settings are present. Simons v. Barnhart, No. 04-5021, 2004 WL 2633448, at **2 (4th Cir. Nov. 18, 2004).



impairments were no longer severe under the regulations. (R.p. 340). On October 20, 2011, state agency psychologist Xanthia Harkness reached the same conclusions as Dr. Von after independently reviewing Plaintiff's medical records. (R.p. 366). The ALJ afforded these opinions some weight in reaching his decision, finding that they were supported by the objective medical evidence of record. (R.p. 17). See Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986) [opinion of a non-examining physician can constitute substantial evidence to support the decision of the Commissioner].

As for Plaintiff's physical limitations, the ALJ noted that while Plaintiff had had some inflamation of her heels in October 2011, she had undergone surgery, which resulted in significant improvement, and was even noted to be doing well in regular shoes by December 2011. (R.pp. 15, 17). Plaintiff's medical records confirm these findings. (R.pp. 381-384). Additionally, an examination performed by consulting physician Robert Richardson on January 4, 2012 confirmed that while Plaintiff does suffer from disc degeneration, she nevertheless had normal bulk and tone, 5/5 (full) strength in all groups, and exhibited only mild lower lumbar paraspinal tenderness and spasm. Although Plaintiff complained of significant tenderness about the left sacroliac juncture and exhibited a limited lumbar range of motion, no focal sensory deficits were noted. (R.p. 387). See also (R.p. 15). Cf. Richardson v. Perales, 402 U.S. 389, 408 (1971) [assessments of examining, non-treating physicians may constitute substantial evidence in support of a finding of non-disability]. Plaintiff was to be considered for another SI joint injection, and return to see Dr. Richardson as needed. (R.p. 389). The ALJ noted that Plaintiff thereafter underwent a series of epidural injections in 2012, 2013, and 2014, which resulted in a significant improvement in her condition. See generally (R.pp. 17, 430, 433, 436, 439, 442, 445, 448).

The record also contains an opinion from state agency physician Dr. Dale Van Slooten, who opined after a review of Plaintiff's medical records on October 11, 2011 that Plaintiff's physical



8

impairments, including her disc disease and ganglion cyst on the right wrist and foot problems, had been treated, and that her examinations showed she possessed full (5/5) strength, intact motor and sensory findings, and that she had a normal gait, with only a mild decrease in the range of motion in her shoulders. (R.p. 361). As previously noted, the ALJ gave some weight to this opinion inasmuch as it was supported by the objective medical evidence of record. (R.p. 17). Johnson v. Barnhart, 434 F.3d 650, 658 (4th Cir. 2005) [ALJ can give great weight to opinion of medical expert who has thoroughly reviewed the record]. Moreover, the ALJ noted that Plaintiff herself reported that she was able to do chores and laundry on a regular basis, was able to shop for groceries independently, and had a drivers license, while Plaintiff's father stated that Plaintiff was able to perform such chores as vacuuming and washing dishes, cooking and helping fix simple meals, socialize and visit with family, and was even able to mow the lawn. (R.p. 16); see also (R.pp. 144, 158, 163-165). See Johnson, 434 F.3d at 658 [Accepting ALJ's finding that claimant's activities were inconsistent with complaints of incapacitating pain where she engaged in a variety of activities].

While no one is disputing that Plaintiff has and continues to have significant medical problems, the ALJ accounted for these problems in his decision by limiting Plaintiff to only sedentary work with only occasional standing and walking to account for her physical limitations, in particular her chronic condition and history of heel surgery. Trenary v. Bowen, 898 F.2d 1361, 1364 (8th Cir. 1990) [Courts should properly focus not on a claimant's diagnosis, but on the claimant's actual functional limitations]. He then determined that Plaintiff's generally unremarkable mental status examinations as well as the activities of daily living noted in the decision did not warrant any limitations greater than a limitation to unskilled work. (R.pp. 17-18). In doing so, the ALJ noted that Plaintiff required limited medication adjustment, and retained intact cognitive functioning, attention, concentration, judgement, and insight. (R.p. 18). The medical records cited by the ALJ and



9

discussed hereinabove provide substantial evidence for the ALJ's findings and decision. Laws, 368 F.2d at 642 [Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion"]; see also Hays, 907 F.2d at 1456 [If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is 'substantial evidence']; Clarke v. Bowen, 843 F.2d 271, 272-273 (8th Cir. 1988)["The substantial evidence standard presupposes . . . a zone of choice within which the decision makers can go either way without interference by the Courts"]; cf. Thomas v. Celebreeze, 331 F.2d 541, 543 (4th Cir. 1964) [court scrutinizes the record as a whole to determine whether the conclusions reached are rational].

In sum, the undersigned can find no reversible error in the ALJ's findings and conclusions, or in his consideration of the medical evidence in this case. Hays, 907 F.2d at 1456 [It is the responsibility of the ALJ to weigh the evidence and resolve conflicts in that evidence]; see also Jolley v. Wineberger, 537 F.2d 1179, 1181 (4th Cir. 1976) [the Commissioner's "findings must be upheld if [they are] supported by inferences that could be properly drawn from [the] record evidence."]. Therefore, Plaintiff has not shown that she is entitled to a reversal of the decision. Bowen, 482 U.S. at 146, n. 5 [Plaintiff has the burden to show that he has a disabling impairment]; see also Cruse v. Bowen, 867 F.2d 1183, 1186 (8th Cir. 1989) ["the mere fact that working may cause pain or discomfort does not mandate a finding of disability"]; Payne v. Sullivan, 946 F.2d 1081, 1084 (4th Cir. 1991) [claimant not entitled to disability where the record as a whole failed to "demonstrate an inability to engage in work activity for a continuous period of at least twelve months"].

### Conclusion

Substantial evidence is defined as " ... evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). As previously noted, if the record contains substantial evidence to support the decision (i.e.,



if there is sufficient evidence to justify a refusal to direct a verdict were the case before a jury), this Court is required to uphold the decision, even should the Court disagree with the decision. Blalock, 483 F.2d at 775.

Under this standard, the record contains substantial evidence to support the conclusion of the Commissioner that the Plaintiff was no longer disabled within the meaning of the Social Security Act as of April 1, 2011. Therefore, it is recommended that the decision of the Commissioner be **affirmed**.

The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

November 30, 2017
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).